**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3317-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DERRICK S. LEONARD, a/k/a
D-HURT, LEONARD DERRICK,
QUADIR BUSH, DEE HURT,
DERRICK LEOMARD, DERRICK
LEORNARD, and DERRICK
WILLIAMS,

    Defendant-Appellant.

_____

        Submitted September 16, 2025 – Decided September 30, 2025

        Before Judges Susswein and Augostini.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 18-08-2522.

        Jennifer N. Sellitti, Public Defender, attorney for appellant (James D. O'Kelly, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Derrick Leonard appeals from the May 15, 2024 Law Division order denying his petition for post-conviction relief (PCR).  Defendant contends the PCR judge erred by not granting an evidentiary hearing based on a prima facie showing that both his trial and appellate counsel rendered ineffective assistance with respect to a pretrial Wade/Henderson[1] motion to suppress eyewitness identification testimony.  In May 2019, defendant pled guilty to first-degree robbery pursuant to a favorable plea agreement negotiated by his counsel, significantly reducing his sentencing exposure.  After reviewing the record in light of the governing legal principles, we affirm, substantially for the reasons set forth in Judge Arthur J. Batista's thorough and well-reasoned thirty-page written opinion.

I.

Given the comprehensiveness of Judge Batista's opinion, we need only briefly summarize the pertinent facts and procedural history.  At his plea

---

[1] United States v. Wade, 388 U.S. 218 (1967); State v. Henderson, 208 N.J. 208 (2011).

colloquy, defendant admitted that in May 2018, he stole a cellular telephone from the victim while armed with a handgun. According to the police report, the victim was home in his apartment when a masked man with a gun forced his way into the apartment while another man waited outside. The masked man, defendant, demanded money. Defendant took the victim's phone and fled. The victim chased both men and recovered his phone when defendant dropped it.

Police obtained surveillance video from a nearby liquor store that showed the two men walking to the victim's apartment and later running from the crime scene. Still photographs extracted from the video clearly showed the two men's faces. A police officer recognized defendant as one of the men depicted in the photos.

The victim was later shown a photo array and positively identified defendant as the man who had robbed him at gunpoint. The man standing outside the apartment was identified as codefendant Robert Hughes. Hughes gave a statement inculpating defendant.

In August 2018, defendant and Hughes were charged by indictment with first-degree robbery, conspiracy to commit robbery, second-degree burglary, possession of a firearm for an unlawful purpose, and unlawful possession of a firearm. Defendant's trial attorney filed a motion to suppress the victim's

3

identification of defendant, arguing the filler photos in the array were dissimilar from defendant's photo, rendering the witness identification procedure impermissibly suggestive. More specifically, counsel argued that the photo of defendant showed him looking away from the camera with one eye, while the other photos in the array showed individuals looking at the camera with both eyes. On February 11, 2019, the trial court denied the suppression motion, finding the claimed difference between defendant's photo and the other photos was "subtle at best" and that the difference did not rise to the level of impermissible suggestiveness.

On May 6, 2019, defendant pled guilty to first-degree robbery in exchange for the dismissal of other pending charges and a recommended sentence of thirteen years of imprisonment subject to the No Early Release Act ("NERA"). On direct appeal, we affirmed defendant's conviction and sentence, State v. Leonard, No. A-0526-20 (App. Div. Mar. 3, 2023) (slip op. at 2), and the New Jersey Supreme Court thereafter denied certification. State v. Leonard, 254 N.J. 82 (2023).

On March 20, 2023, defendant filed a petition for PCR and submitted a self-represented brief on April 16, 2023. On December 30, 2023, appointed

4

counsel submitted a brief in support of defendant's petition. On May 15, 2024, the trial court denied defendant's petition in a thirty-page written opinion.

This appeal follows. Defendant raises the following contentions for our consideration:

> POINT I
> DEFENDANT SATISFIED HIS BURDEN FOR AN EVIDENTIARY HEARING DUE TO TRIAL COUNSEL'S INEFFECTIVE INVESTIGATION AND PRESENTATION OF THE IDENTIFICATION SUPPRESSION MOTION.
>
> POINT II
> DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL DUE TO APPELLATE COUNSEL'S FAILURE TO APPEAL THE TRIAL COURT'S DENIAL OF DEFENDANT'S WADE[2] MOTION.

## II.

We begin our analysis by acknowledging the legal principles governing this appeal. Both the Sixth Amendment of the United States Constitution and Article 1, paragraph 10 of the State Constitution guarantee the right to effective assistance of counsel at all stages of criminal proceedings. Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). A defendant's right to effective assistance of counsel

---

[2] 388 U.S. 218 (1967).

extends to the plea negotiation process. See Missouri v. Frye, 566 U.S. 134, 140 (2012). "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Lafler v. Cooper, 566 U.S. 156, 168 (2012).

PCR serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). A petitioner must establish, by a preponderance of the credible evidence, that they are entitled to the requested relief. Ibid. To meet this burden, the petitioner must allege and articulate specific facts, "which, if believed, would provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

In addressing an ineffective assistance of counsel claim, New Jersey courts follow the two-part test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). See State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show that counsel's performance was deficient." State v. Gideon, 244 N.J. 538, 550 (2021) (quoting Strickland, 466 U.S. at 687). "Second, the defendant must have been prejudiced by counsel's deficient performance." Ibid. (citing Strickland, 466 U.S. at 687).

To meet the first prong of the Strickland/Fritz test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Reviewing courts indulge in "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "A court evaluating a claim of ineffective assistance of counsel must avoid second-guessing defense counsel's tactical decisions and viewing those decisions under the 'distorting effects of hindsight.'" State v. Marshall, 148 N.J. 89, 157 (1997) (quoting Strickland, 466 U.S. at 689).

The second Strickland prong is also demanding. It requires the defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. Put differently, counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different if counsel had not made the errors. Id. at 694. This "is an exacting standard." Gideon, 244 N.J. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). "Prejudice is not to be presumed," but must be affirmatively proved by the defendant. Ibid. (citing Fritz, 105 N.J. at 52).

In analyzing the prejudice prong, "the overall strength of the evidence before the factfinder" is important because "a 'verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one

7

with overwhelming record support.'" State v. Gideon, 244 N.J. 538, 556 (2021) (quoting Pierre, 223 N.J. at 583). Moreover, when a defendant asserts that their attorney was ineffective for failing to file a motion, they must establish that the motion would have been successful. State v. O'Neal, 190 N.J. 601, 618-19 (2007); see also State v. Worlock, 117 N.J. 596, 625 (1990) (holding that "[t]he failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel").

To establish prejudice under the second Strickland/Fritz prong when there is a guilty plea, "a defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Aburoumi, 464 N.J. Super. 326, 339 (App. Div. 2020) (alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). Accordingly, a defendant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

The Strickland/Fritz two-pronged standard also applies to claims of ineffective assistance of appellate counsel. State v. Morrison, 215 N.J. Super.

8

540, 545-46 (App. Div. 1987). The hallmark of effective appellate advocacy is the ability to "winnow[] out weaker arguments on appeal and focus[] on one central issue if possible, or at most on a few key issues." Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Importantly for purposes of this appeal, it is well-settled that failure to pursue a meritless claim does not constitute ineffective assistance. State v. Webster, 187 N.J. 254, 256 (2006). Appellate counsel does not have an obligation to raise spurious issues on appeal. Ibid.

When, as in this case, a PCR court does not hold an evidentiary hearing, our standard of review is de novo as to both the court's factual inferences drawn from the record and its legal conclusions. State v. Walker, 478 N.J. Super. 553, 560 (App. Div. 2024). In applying such de novo review, we "view the facts in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014).

Short of obtaining immediate relief, a defendant may show that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. Preciose, 129 N.J. at 462-63. That said, a PCR petitioner is not automatically entitled to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant "must do more than make bald assertions that [the defendant] was denied the effective

assistance of counsel.  [A defendant] must allege facts sufficient to demonstrate counsel's alleged substandard performance."  State v. Porter, 216 N.J. 343, 355 (2013) (quoting Cummings, 321 N.J. Super. at 170).

Said differently, "[t]he mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing."  State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)).  The PCR court should grant an evidentiary hearing only when: "(1) the defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted."  Ibid. (citing State v. Porter, 216 N.J. 343, 354 (2013)).  Further, "[i]f the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR] . . . then an evidentiary hearing need not be granted."  Marshall, 148 N.J. at 158 (citations omitted).

## III.

We next apply the foregoing principles to the present matter.  As Judge Batista aptly noted in his written opinion, defendant is attempting to reargue his pretrial Wade/Henderson motion.  Applying de novo review, we agree with

Judge Batista that defendant has not established a prima facie case warranting an evidentiary hearing. Defendant has not shown, for example, that the result of the Wade/Henderson proceeding would have been different if defendant's attorney had performed additional investigation or made additional arguments. The defendant's reliance on what he characterizes as the victim's inconsistent statements is unavailing because those alleged inconsistencies do not render the identification procedure suggestive as to warrant the suppression of identification testimony. Relatedly, whether the victim ever saw the culprit without his mask on during the robbery is a credibility question to be determined by a jury at trial, which defendant elected to forego by pleading guilty.

Furthermore, defendant has not shown that he would have refused the plea agreement and proceeded to trial if his attorney had performed more investigation regarding the Wade/Henderson motion. Notably, it was defendant who sought a plea deal on the day of trial, after the plea cutoff date had passed. See R. 3:9-3(g). As we stressed in our direct appeal opinion, "the plea agreement was generous." Leonard, slip op. at 14. Defendant was facing two separate indictments and was extended-term eligible for the separate crimes alleged in both indictments. The favorable plea deal provided for a thirteen-year NERA sentence on the first-degree robbery charge, to be served concurrently with a

A-3317-23

forty-two-month period of parole ineligibility on the second-degree unlawful possession of a weapon count charged in the separate indictment. But for the plea agreement, given his record of past criminal convictions, defendant would have faced life imprisonment if convicted of first-degree robbery at trial.

Nor can we ignore the strong evidence against defendant. He was captured on video walking to—and then running from—the crime scene. A police officer recognized defendant from the video. And the co-defendant inculpated the defendant. Accordingly, even if the motion to suppress the victim's identification testimony had been granted, we are satisfied that defendant would have taken the extremely favorable plea deal his attorney negotiated rather than risk an extended term of life imprisonment following an almost certain armed robbery conviction at trial.

To the extent we have not specifically addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division